IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

S‌ALLY A‌RGONA, C‌LARISSA C‌RUZ,
and K‌ATRINA M‌ARTIN, individually
and on behalf of all others similarly situated,

  Plaintiffs,

v.

S‌ELENE F‌INANCE, LP,
a Texas Corporation,

  Defendant.
_____/

Case No.:
Division:

## NOTICE OF REMOVAL

Defendant, Selene Finance, LP ("**Selene**"), pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(b), and 1446, and Rule 5.1 of the Local Rules of the United States District Court for the Southern District of Florida, removes this action from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Case No. 562023CA002227AXXXHC, and respectfully shows:

### GROUNDS FOR REMOVAL

1. This Court has original jurisdiction pursuant to federal-question jurisdiction, 28 U.S.C. §§ 1441 and 1453 and under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

2. On August 16, 2023, the Plaintiffs, Sally Argona, Clarissa Cruz, and Katrina Martin, on behalf of themselves and all others similarly situated, commenced this class action lawsuit in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, styled *Sally Argona, v. Selene Finance,* LP, Case No. 562023CA002227AXXXHC (the "Instant Action."). A copy of the state court file is attached hereto as **Composite Exhibit A**.

3. Plaintiffs are citizens and residents of Florida. (Complaint at ¶ 9).

4. Plaintiffs allege that Selene is a Texas corporation with its principal place of business in Texas. (Complaint at ¶ 10). For federal diversity jurisdiction purposes, Selene is a citizen of Texas.

5. The putative classes alleged in the Instant Action consist of a "Florida Class" defined as "[a]ll Florida residential mortgagors whose mortgage servicing was transferred to Selene to whom Selene sent a letter substantially similar or materially identical to the letter attached as Exhibit A warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the 'amount due' or 'default amount,' within the applicable statute of limitations period" and a "Florida FDCPA Class" defined as "[a]ll Florida residential mortgagors whose mortgage servicing was transferred to Selene while in a state of default to whom Selene sent a letter substantially similar or materially identical to the letter attached as Exhibit A warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the 'amount due' or 'default amount,' within the applicable statute of limitations period." (Complaint at ¶ 56).

6. Plaintiffs bring separate claims for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, alleged violations of the Florida Consumer Collections Protection Act, Chapter 559, Fla. Stat., and for negligent misrepresentation. Plaintiffs seek actual and statutory damages, punitive damages, and an award of attorney's fees. (*See* Complaint at pp. 18 – 19).

**VENUE AND JURISDICTION**

7. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

### *This Court is the proper venue for this lawsuit.*

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446(a) because the Nineteenth Judicial Circuit in and for St. Lucie County, Florida is a state court located within the Fort Pierce division of the United States District Court for the Southern District of Florida.

9. In accordance with 28 U.S.C. § 1446(d), Selene will file with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, a Notice of Filing Notice of Removal and is contemporaneously giving notice to Plaintiffs' counsel of this removal.

### *The Court has original federal-question jurisdiction.*

10. This Court also has original jurisdiction over the Instant Action pursuant to 28 U.S.C. § 1331.

11. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). As noted above, Plaintiffs have asserted alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, in their Complaint. (Complaint ¶¶ 66 – 87). Therefore this case is removable, and the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367

### *The Court also has jurisdiction under the Class Action Fairness Act.*

12. This Court also has original jurisdiction over the Instant Action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), as well as pursuant to federal-

question jurisdiction, 28 U.S.C. § 1331, and the Instant Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

13.     CAFA provides the federal district courts with original jurisdiction to hear a case if the putative class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 569 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)B)).  In addition, "no antiremoval presumption attends cases invoking CAFA, [since] Congress enacted [it] to facilitate [the] adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 89 (2014).  Although the burden of establishing removal jurisdiction rests with the defendant seeking removal, a notice of removal is sufficient if it constitutes a "short and plain statement of the [removing party's] grounds for removal." *Id.* at 87.  As explained herein, this case satisfies each of CAFA's jurisdictional requirements for removal.

   *This case is a class action.*

14.     CAFA defines a "class action" as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs' Complaint identifies this case as a class action, consisting of a "Florida Class" defined as "[a]ll Florida residential mortgagors whose mortgage servicing was transferred to Selene to whom Selene sent a letter substantially similar or materially identical to the letter attached as Exhibit A warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the 'amount due' or 'default amount,' within the applicable statute of limitations period" and a "Florida FDCPA Class" defined as "[a]ll Florida residential mortgagors whose mortgage servicing was transferred to Selene while in a state

of default to whom Selene sent a letter substantially similar or materially identical to the letter attached as Exhibit A warning or acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the 'amount due' or 'default amount,' within the applicable statute of limitations period." (Complaint at ¶ 56).

### *This case involves at least 100 putative class members.*

15. A class action may not be removed under CAFA unless it involves at least 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B). Here, the putative class members exceed 100. In defining their putative class, Plaintiffs assert that "[u]pon information and belief, each Class <u>contains at least a thousand consumers</u> and <u>likely exceeds several thousand consumers</u> and is therefore so numerous that joinder of all members would be impracticable." (Complaint at ¶ 59) (emphasis supplied). Accordingly, the Instant Action meets the numerosity requirement of CAFA.

### *Minimal diversity exists.*

16. CAFA includes a minimal diversity threshold requirement. *See* 28 U.S.C. § 1332(d)(2)(A) – (C). That is "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties to the action, CAFA requires that only one member of the putative class must be a citizen of a different state than the defendant. *See, e.g., Life of the S. Ins. Co. v. Carzell,* 851 F.3d 1341, 1344 (11th Cir. 2017). Here, all named Plaintiffs and at least some class members are citizens of Florida. (Complaint at ¶9). Thus, they have a different citizenship than that of Selene, which Plaintiffs allege is a citizen of Texas. As a result, the Instant Action meets the minimal diversity threshold of CAFA.

***It is more likely than not that the amount in controversy exceeds $5,000,000.***

17. Under CAFA, a defendant may not remove a class action to federal district court unless the aggregate amount in controversy of all putative class members exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2). A plausible allegation satisfies this determination. *See Dart Cherokee Basin Operating Co., LLC,* 574 U.S. at 89 (ruling that notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In summary, the amount in controversy is "less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010)).

18. Here, the allegations of the Complaint establish an amount "in controversy" of more than $5,000,000. Plaintiffs seek actual and statutory damages, punitive damages, and an award of attorney's fees. (*See* Complaint at pp. 18 – 19). In a class action lawsuit involving FDCPA claims, courts may award plaintiffs actual damages, class wide statutory damages of up to $500,000 an additional $1000 per named plaintiff, and statutory attorney's fees and costs. *See* 15 U.S.C. § 1692k. *See also Crawford v. Senex Law, P.C.*, 259 F.Supp.3d 464, 475 (W.D. Va. 2017) (holding that in an FDCPA class action, plaintiffs may recover actual damages and statutory damages in the amount of $1,000 per named plaintiff and the lesser of $500,000 or 1% of the defendant's net worth).

19. With regard to Plaintiffs' claims under the Florida Consumer Collections Protection Act, the remedies afforded by Section 559.77 include: 1) actual damages; 2) additional statutory damages up to $1,000; 3) punitive damages; 4) injunctive relief, 5) court costs; and 6) attorney's fees. *See* §559.77(2), Fla. Stat. The statutory damages are capped at $1,000 per action and not

$1,000 per violation, however. *See Arianas v. LVNV Funding LLC,* 54 F. Supp. 3d 1308, 1310 (M.D. Fla. 2014).  In the class action context, the defendant can be liable for additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages of up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000.  §559.77(2), Fla. Stat.

20. Plaintiff also seeks actual and punitive damages on a class wide basis for negligent misrepresentation, in addition the separate damages sought for alleged violations of the FDCPA and FCCPA. (Count Three).

21. In addition to statutory damages, Plaintiffs' claim for actual and punitive damages per class member is all that is necessary for the amount in controversy to exceed $5 million. Nothing in the complaint suggests Plaintiffs are seeking less.

22. Statutory attorney's fees may also be included in the amount in controversy calculation when a fee-shifting statute is involved.

23. Where the plaintiffs have not alleged a specific amount of damages, as is the case here, the defendant need not calculate or estimate an *exact* amount in controversy to satisfy the CAFA burden. *See Pretka*, 608 F.3d at 754.  In addition, the court may rely on "judicial experience and common sense" to determine whether the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058, 1062 (11th Cir. 2010).

24. Here, Plaintiffs have alleged that each class contains at least a thousand consumers and that each class "likely exceeds several thousand consumers" (Complaint ¶ 59).  Therefore, even if the Court were to find that Selene's maximum exposure to statutory damages is $500,000 under the FDCPA and an additional $500,000 under the FCCPA, the aggregate amount in

controversy inclusive of Plaintiffs' claim for actual damages, punitive damages, and attorney's fees exceeds the jurisdictional amount of $5,000,000.  Furthermore, under CAFA, the value of Plaintiffs' requested injunctive relief is included in the computation for purposes of establishing the amount in controversy.  *See Bernstein v. JP Morgan Chase & Co.,* No. 09-80533-CIV-RYSKAMP/VITUNAC, 2009 WL 10699864 at *4 (S.D. Fla. Aug. 4, 2009) ("Under CAFA, courts are also able to determine the amount in controversy by looking at defendant's potential losses, including those sustained from an injunction."); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1268 (11th Cir. 2000) (finding that "[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of litigation' measured from the plaintiff's perspective.").

25.     The preponderance of the evidence demonstrates that the Instant Action satisfies the amount in controversy requirement of CAFA.  Accordingly, this Court has original jurisdiction over the Instant Action pursuant to CAFA and 28 U.S.C. § 1332(d).

## TIMELINESS OF REMOVAL

26.     On August 28, 2023, Selene was served with a copy of the Complaint. The day of service is shown on the Return of Service contained within **Composite Exhibit A.**  The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  *See* 28 U.S.C. § 1446(b). Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).  This Notice of Removal is filed within 30 days of August 28, 2023, in compliance with 28 U.S.C. § 1446(b).

## CONCLUSION

WHEREFORE, Selene removes the above-captioned action pending against it in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Dated:  September 27, 2023

Respectfully Submitted,

/s/ Sara D. Accardi
Sara D. Accardi (Fla. Bar No. 106923)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
Facsimile: (813) 229-5946
Primary Email: saccardi@bradley.com
Secondary Email: jbrandt@bradley.com
*Counsel for Defendant, Selene Finance, LP*

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b), Fed. R. Civ. P., I hereby certify that on the 27th day of September, 2023, I caused a true and correct copy of the foregoing document to be sent by electronic mail and to be deposited for mailing in the U.S. Mail, with postage paid, addressed to the following persons:

Scott C. Harris, Esq.
MILLBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (910) 600-5035
sharris@milberg.com
*Counsel for Plaintiff*

/s/ Sara D. Accardi
Sara D. Accardi
*Counsel for the Defendant, Selene Finance, LP*