# EXHIBIT A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>ST. LUCIE</u>   COUNTY, FLORIDA

<u>Sally Argona, Clarissa Cruz, Katrina Martin</u>
Plaintiff

Case #<u>562023CA002227AXXXHC</u>
Judge <u>Judge Brett M. Waronicki</u>

vs.

<u>Selene Finance LP</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Scott C. Harris        Fla. Bar # 103905
       Attorney or party              (Bar # if attorney)

Scott C. Harris            08/16/2023
  (type or print name)           Date

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR ST. LUCIE COUNTY, FLORIDA
## CIVIL DIVISION

| | |
|---|---|
| **SALLY ARGONA, CLARISSA CRUZ,** ) | |
| **And KATRINA MARTIN, individually** ) | |
| **and on behalf of all others** ) | |
| **similarly situated,** ) | |
| ) | **Case No.** <u>562023CA002227AXXXHC</u> |
| **Plaintiffs,** ) | |
| **VS.** ) | |
| ) | |
| **SELENE FINANCE, LP,** ) | |
| **a Texas Corporation,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## <u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Sally Argona ("Argona"), Plaintiff Katrina Martin ("Martin"), and Plaintiff Clarissa Cruz ("Cruz") (collectively "Plaintiffs"), on behalf of Plaintiffs and all others similarly situated, files this Class Action Complaint against Selene Finance, LP ("Selene" or "Defendant") and states:

## <u>NATURE OF THE CASE</u>

1.      This is a consumer protection action brought by Plaintiffs and others similarly situated to obtain redress from Selene's systematic use of unlawful and unfair debt collection practices to collect upon residential consumer mortgage loans.

2.      Specifically, during the relevant time period, Selene sent borrowers form letters alleging that the borrowers are in default of their mortgages and that the failure to immediately make a ***full and complete*** payment of all arrearages will result in acceleration of their loan (hereinafter referred to as the "Final Letter"). However, the false ultimatum contained in the Final

Letter contradicts Selene's actual policies regarding acceleration and foreclosure.

3.      The Final Letter sent by Selene to the Plaintiffs and others similarly situated is a false and misleading threat of acceleration and foreclosure designed to intimidate borrowers into making payments to Selene that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

4.      This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all borrowers to whom Selene has or will send one or more Final Letters pursuant to Selene's standardized policies and procedures during the applicable statute of limitations period in violation of state and Federal law as further set forth herein.

## JURISDICTION AND VENUE

5.      The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

6.      This Court has subject matter jurisdiction over this action pursuant to Florida Stat. § 26.012 and § 86.011. This Court has jurisdiction over the dispute because this complaint seeks damages in excess of $30,000 dollars, exclusive of interest and attorneys' fees.

7.      This Court has personal jurisdiction over Selene pursuant to Florida Stat. § 48.193, because Selene personally or through its agents operated, conducted, engaged in, or carried on a business or business venture in Florida.

8.      Venue is appropriate in this Court pursuant to Florida Statute § 47.011 because Plaintiffs are residents and citizens of Florida, and there were actions that took place in this county for some of the Plaintiffs.

## PARTIES

9.      Plaintiffs are all citizens and residents of Florida. Argona is a citizen and resident

of St. Lucie County, Florida. Martin is a citizen and resident of Polk County, Florida. Cruz is a citizen and resident of Orange County, Florida.

10.     Selene is a corporation organized and existing under and by virtue of the laws of the State of Texas with a principal place of business in Coppell, Texas.

11.     Selene frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiffs' mortgage loans because, upon information and belief, Selene obtained the servicing rights of Plaintiffs' mortgage while in a state of default.

12.     Selene is also a "debt collector," as defined by the Florida Consumer Protection Act ("FCCPA"), § 559.55(7) in that Selene's principal business "is the collection of debts" and in that they "regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

13.     Selene is regularly engaged in the business of collecting debt in the State of Florida. Selene's employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Selene and, therefore, Selene is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, and attorneys under, inter alia, the theory of respondeat superior.

## FACTUAL ALLEGATIONS

14.     Plaintiffs are, and at all relevant times hereto, have been citizens and residents of Florida.

15.     Selene is a servicer of mortgages for residential housing loans.

16.     Argona was the owner of a residential home located at 1430 SW Bargello Avenue in Port St. Lucie, Florida.

17.     Argona's mortgage is or was serviced by Selene.

18.     Upon information and belief, Selene acquired the servicing rights for Argona's mortgage while it was in a state of default.

19.     Martin was the owner of a residential home located at 137 Flatwoods Loop in Davenport, Florida.

20.     Martin's mortgage is or was serviced by Selene.

21.     Upon information and belief, Selene acquired the servicing rights for Martin's mortgage while it was in a state of default.

22.     Cruz was the owner of a residential home located at 11601 Great Commission Way in Orlando, Florida.

23.     Cruz's mortgage is or was serviced by Selene.

24.     Upon information and belief, Selene acquired the servicing rights for Cruz's mortgage while it was in a state of default.

25.     Upon information and belief, Selene earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

26.     Upon information and belief, many of the mortgage loans that Selene services, including the named Plaintiffs and putative Class members, are delinquent or are in default when Selene acquires the servicing rights.

27.     Other loans become delinquent during the court of Selene's servicing of the loans.

28.     Upon information and belief, when loans for its customers become more than 45 days delinquent, Selene sends a letter that it refers to as a "Final Letter" to coerce and intimidate the borrower into paying the entire default amount of the loan.

29.     An exemplar Final Letter sent to the Plaintiffs that is materially similar to the Final

Letters sent to Plaintiffs and the putative Class members is attached hereto as **Exhibit A**.

30.     The Final Letter specifically states: "To cure this default, you must pay all amounts due under the terms of your Note and Security Instrument, which includes any delinquent payments and regularly scheduled payments."

31.     The Final Letter further states: "The total amount you must pay to cure the default stated above must be received by [date (35 days from date of the Florida Final Letter)]."

32.     The Final Letter also states: "Failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Security Instrument, sale of the property and/or foreclosure by judicial proceeding and sale of property."

33.     Selene utilizes the Final Letters to make false threats to accelerate borrowers' loans.

34.     The Final Letters create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if "full payment of the default amount is not received . . . on or before the Expiration Date," when, upon information and belief, a borrower need only keep their loans less than 120 days past due to avoid acceleration and foreclosure.

35.     If a borrower fails to meet the deadline outlined in the Final Letters, nothing happens at all.

36.     Essentially, upon information and belief, Selene is making a false threat.

37.     Upon information and belief, Selene will not accelerate borrowers' loans and proceed to foreclosure even if the borrower fails to make a payment equal to the default amount listed in the Final Letter *and* fails to make any payments that come due during the notice period.

38.     Put simply, Selene does not accelerate loans in the manner threatened by its Final Letter in the usual course of business.

39.     The Final Letters misrepresent the conditions under which Selene's intends to

accelerate loans and materially deceive consumers into believing their loans *will* be accelerated if they fail to fully cure their default prior to the Expiration Date.

40.     The Final Letters cause borrowers, including the Plaintiffs and putative Class members, to believe that they are at risk of acceleration and foreclosure if all arrearages to Selene are not paid within the time period identified in the Letter.

41.     The Final Letters cause borrowers to believe that they will lose their homes if they do not become current on their loan within the time period identified in the Letter.

42.     The Final Letters misrepresent Selene's intentions and present consumers with a false ultimatum that they satisfy all arrearages within the false deadline identified in the Final Letter, or face acceleration and ultimately foreclosure.

43.     The Final Letters are materially misleading in that they threaten consumers, including the named Plaintiffs and putative Class members, with acceleration and foreclosure when Selene has neither the present intent, nor the present ability, to undertake such actions.

44.     The empty threats of acceleration and foreclosure contained within the Final Letter are designed to scare and intimidate individuals into paying delinquent amounts.

45.     The empty threats of acceleration and foreclosure contained within the Final Letter have the potential of causing individuals, including the named Plaintiffs and putative Class members, to send additional money to Selene that, absent the false and misleading statements, they could have utilized on other necessary expenditures, including food and utility payments.

46.     The empty threats of acceleration and foreclosure make it impossible for a consumer to make a rational decision in response to the Final Letter because it threatens immediate, irreversible consequences.

47.     The empty threats of acceleration and foreclosure are designed to scare consumers

into making payments they otherwise may not.

48.     Selene understands and knows the frightening and unnerving nature of the misrepresentations utilized in its Final Letters.

49.     Upon information and belief, the Final Letters were knowingly, intentionally, and purposefully crafted in such a way to frighten and intimidate consumers into paying money to Selene.

50.     The Plaintiffs and putative Class members have received numerous Final Letters substantially identical to **Exhibit A**.

51.     Upon information and belief, each Class member has received one or more Final Letter.

52.     Each Final Letter constitutes a separate violation of the FDCPA, § 1692 *et seq*., FCCPA, and/or Negligent Misrepresentation doctrine in that, *inter alia*, the Final Letters threaten to take action not taken in the ordinary course of business nor intended to be taken in the particular instance in which was threatened.

53.     Each Final Letter constitutes a separate violation of the FDCPA., FCCPA, and/or Negligent Misrepresentation doctrine in that, *inter alia*, the Final Letter threatens to take action not taken in the ordinary course of business nor intended to be taken in the particular instance in which it was threatened.

54.     As a result of the forgoing, the Plaintiffs and putative Class members have experienced anxiety, stress, anger, frustration, and mental anguish which is fairly traceable to their receipt of Final Letters containing the false ultimatums which, *inter alia*, caused informational harms, violated substantive rights to be free from unfair and abusive debt collection communications, and misled Plaintiffs and putative Class members with regard to the amount of

money that had to be paid and when it needed to be paid to save their homes from acceleration and/or foreclosure.

## <u>CLASS ACTION ALLEGATIONS</u>

55.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

56.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action individually and on behalf of the following Class which is tentatively defined as:

> Florida Class: All Florida residential mortgagors whose mortgage servicing was transferred to Selene to whom Selene sent a letter substantially similar or materially identical to the letter attached as Exhibit A warning or acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," within the applicable statute of limitations period (the "Florida Class").

> Florida FDCPA Class: All Florida residential mortgagors whose mortgage servicing was transferred to Selene while in a state of default to whom Selene sent a letter substantially similar or materially identical to the letter attached as Exhibit A warning or acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," within the applicable statute of limitations period (the "Florida FDCPA Class").

57.     The individuals protected by the Classes are limited by the applicable statute of limitation prior to the filing of this Complaint, through the date of final resolution of this matter.

58.     Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Selene and any entity in which Selene has a controlling interest in Selene and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

59.     *Numerosity*: Plaintiffs are unable to provide a specific number of members in the Class because that information is solely in the possession of Selene. However, the exact number

of Class members, including the names and addresses of all Class members, will be easily ascertained through a review of Selene's business records. Upon information and belief, each Class contains at least a thousand consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

60.     *Commonality*: Common questions of law and fact predominate over any individual issues that may be presented, because Selene has a pattern, practice and policy of communicating with all borrowers in a materially identical manner. Selene, in seeking to collect the mortgage loan debt of Plaintiffs and the putative Class, sent materially identical letters to Plaintiffs and putative Class members. Each and every member of the proposed Class is subject to Selene's policies and procedures.

61.     *Typicality*: The claims of Plaintiffs are typical of the claims of the proposed Classes and all are based on the same facts and legal theories, as all such claims arise out of Selene's conduct.

62.     *Adequate Representation*: Plaintiffs are adequate representatives of the Classes in that the Plaintiffs have no antagonistic or conflicting claims with any other member of the Classes. Plaintiffs have also retained counsel experienced in the prosecution of complex Class actions, specifically including experience with consumer class actions.

63.     Neither Plaintiffs nor Plaintiffs' counsel has any interest that might cause Plaintiffs not to vigorously pursue this action. Plaintiffs are aware of the responsibilities to the putative Class and has accepted such responsibilities.

64.     *Predominance and Superiority*: The Classes are appropriate for certification because questions of law and fact common to the members of the Classes predominate over questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

65.    Further, Selene has acted and refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.)

66.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

67.    Selene often acts as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

68.    Selene acted as a "debt collector" in servicing the mortgage loans of Plaintiffs and the putative Florida FDCPA Class members because their loans were in default at the time Selene obtained the servicing rights.

69.    Selene's correspondence to Plaintiffs and the Florida FDCPA Class set forth herein as **Exhibit A** expressly state, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR." (emphasis in original).

70.    Plaintiffs and all members of the Class are "consumers," as defined by the FDCPA,

15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

71.     At all material times, Plaintiffs' debts and the debts of the Florida FDCPA Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

72.     Selene acquired the servicing rights of Plaintiffs' and Florida FDCPA Class Members' mortgages while they were in a state of default.

73.     Collection letters such as the one attached to this Complaint as **Exhibit A** are to be evaluated by the objective standard of the hypothetical "least sophisticated" consumer test.

74.     FDCIA, 15 U.S.C. § 1692e states in pertinent part: A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

75.     Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and threatened to take action that it could not legally take.

76.     Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

77.     Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e in that it falsely represented its intention to accelerate and foreclose on the homes of Plaintiffs and putative Florida FDCPA Class members in an effort to induce the payment of additional funds.

78.     Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it misrepresented its intentions and presented Plaintiffs and putative Florida FDCPA Class members

with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Florida Final Letters, or face acceleration and ultimately foreclosure.

79.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

80.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e by using false representations and deceptive means, including empty threats of acceleration and foreclosure.

81.    FDCPA section 1692(f) states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

82.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

83.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f in that it falsely represented its intention to accelerate and foreclose on the homes of Plaintiffs and putative Class members in an effort to induce the payment of additional funds.

84.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f, in that it misrepresented its intentions and presented Plaintiffs and putative Class members with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Final Letters, or face acceleration and ultimately foreclosure.

85.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f, in that it threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

86.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f by using

unfair and unconscionable means, including empty threats of acceleration and foreclosure.

87.     As a result of Selene's unlawful attempts to collect debt, Plaintiffs and putative Class members are entitled to actual and statutory damages, as well as their reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
(Violations of the Florida Consumer Protection Act, § 558.72(7))

88.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

89.     The FCCPA was enacted to eliminate abusive and harassing tactics in the collection of debts.

90.     Selene is a "debt collector," as defined by the FCCPA, § 559.55(7) in that their principal business "is the collection of debts" and in that they "regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

91.     The debt that Selene has collected or attempted to collect from Plaintiffs and the putative Florida Class members is "debt" as defined by the FCCPA, § 559.55(6) in that it is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

92.     At all times relevant to this action, Selene was subject to and must abide by the law of Florida, including Florida Statute § 559.72.

93.     Fla. Stat. Ann. § 559.72(7), prohibits a debt collector from willfully engaging in "conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

94.     Plaintiffs were subject to debt collection activity from Selene in that Selene

attempted to collect a debt alleged to be due on their mortgages by, inter alia, sending Plaintiffs one or more Final Letter.

95.    Through the Final Letters, Selene attempted to collect a debt in violation of the FCCPA from Plaintiffs and the Florida Class, as described supra, in that, inter alia, it has falsely represented that failure to immediately and completely satisfy all arrearages would result in acceleration of their loans in contravention of Selene's specific intentions and uniform practices.

96.    Through the Final Letters, Selene attempted to collect a debt in violation of the FCCPA in that it used false representations, harassing, abusive, and deceptive means to attempt to collect the Debt, including the use of willfully false, coercive, and abusive threats of acceleration as a means of collecting debt.

97.    Through the Final Letters, Selene attempted to collect a debt in violation of the FCCPA, in that it utilized false threats and misleading representations regarding amounts consumers must pay, and when they must pay it, for the sole purpose of coercing additional payments.

98.    The willful communications of false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, are violations of Fla. Stat. § 559.72(7) because such conduct can reasonably be expected to abuse and/or harass consumers.

99.    Acceleration is a necessary predicate for foreclosure and pursuant to Selene's policies no action is taken to accelerate a loan apart from referring the loan to foreclosure; which is not legally permissible until the after the 120th day of delinquency.

100.    Selene has not accelerated any loans in Florida prior to the 120th day of delinquency.

101.    Due to the regulations, Selene knows that it cannot accelerate any loan prior to the 120th day of delinquency.

102.    Because Plaintiffs and Florida Class Members are not familiar with Selene's internal policy, they were unaware that Selene did not intend to accelerate their loans as threatened in the Final Letters.

103.    Selene knowingly made these false and unlawful statements with the intent to deceive and confuse Plaintiffs and Florida Class Members, and such statements were reasonably expected to abuse and harass Plaintiffs and Florida Class Members into paying more money towards their mortgage loans than required to prevent acceleration.

104.    Based upon Selene's internal policy, 12 U.S.C. § 1024.41(f)(1), the Fannie Mae Servicing Guide, Selene knew that the statements contained in its Final Letters were false when Selene sent the Letters.

105.    Selene knowingly and willfully made the statements with the intent that the Letters be received and relied upon by Plaintiffs and Florida Class Members to create a false sense of urgency, and to abuse, coerce and harass Plaintiffs and Florida Class Members into paying more money towards their mortgage loans than was actually required to prevent acceleration.

106.    The Final Letters cause informational injury by making affirmative misrepresentations that deprive consumers of accurate information that would be important to them in making decisions in response to the Final Letters.

107.    The FCCPA prohibits collection agencies from collecting or attempting to collect debt by using any unfair practices.

108.    Through the Florida Final Letters, Selene has attempted to collect a debt in violation of the FCCPA in that in unfairly, knowingly, and willfully utilized false threats and misleading

15

representations regarding amounts consumers must pay, and when they must pay it, in order to avoid acceleration.

109.   Through the Final Letters, Selene has attempted to collect a debt in violation of the FCCPA in that they falsely represented the intention to accelerate loans in an effort to induce the payment of funds not required to prevent acceleration.

110.   Through the Final Letters, Selene has attempted to collect a debt in violation of the FCCPA through misrepresented intentions, including presenting Plaintiffs and consumers with false ultimatums that they must satisfy all arrearages within the false deadlines identified in the Florida Final Letters, or face acceleration.

111.   Through the Final Letters, Selene has attempted to collect a debt in violation of the FCCPA, in that Selene has threatened to take action (acceleration) when Selene had no intention of taking such action as threatened.

112.   Through the Final Letters, Selene has attempted to collect a debt in violation of the FCCPA by using unfair and unconscionable means, including false threats of acceleration.

113.   The Final Letters were purposely and intentionally crafted in such a way to frighten and intimidate consumers and Plaintiffs and Florida Class Members into paying money to Selene, and because Selene had specific knowledge of the inaccurate, deceptive, unlawful, harassing, abusive, false, and misleading representations made in the Final Letters and of the high probability that the Letters would result in harm, abusive, and injury to Florida consumers, Selene is liable for punitive damages pursuant to §768.72.

114.   In addition, as Selene had specific knowledge of the inaccurate, deceptive, unlawful, frightening, harassing, abusive, false and misleading representations made in the Final Letter based upon the applicable mortgage servicing state and federal regulations, and of the high

probability the Final Letter would result in abuse, harm, and injury to Florida consumers yet continued sending the Florida Final Letters to Plaintiffs and the Florida Class, Selene is liable for punitive damages pursuant to § 768.72.

115.    In addition, as Selene had specific knowledge of the inaccurate, deceptive, unlawful, frightening, harassing, abusive, false and misleading representations made in the Florida Final Letter because they knew that and of the high probability the Final Letter would result in abuse, harm, and injury to Florida consumers yet continued sending the Final Letters to Plaintiffs and the Florida Class, Selene is liable for punitive damages pursuant to § 768.72.

116.    Selene also had specific knowledge that "Failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Security Instrument, sale of the property and/or foreclosure by judicial proceeding and sale of property" will not result in foreclosure, as threatened in the Final Letter, because, inter alia, The Real Estate Settlement Procedures Act, 12 U.S.C. § 1024.41(f)(1), prohibits Selene from making "the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless: (i) A borrower's mortgage loan obligation is more than 120 days delinquent…" and Section E-1.2 of the Fannie Mae Servicing Guide contractually obligates Selene to "refer the mortgage loan to foreclosure no earlier than the 121st day of delinquency.

117.    Selene knew that pursuant to its internal policies, Selene never accelerates loans prior to the 120th day of delinquency.

118.    In fact, there is no action taken by Selene to accelerate a loan apart from referring the loan to a foreclosure attorney after the 120th day of delinquency.

119.    As a result of Selene's unlawful attempts to collect debt, Plaintiffs and the Florida Class are entitled to actual and statutory damages, punitive damages, injunctive relief, as well as

their reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
(Negligent Misrepresentation)

120.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

121.     In the Florida Final Letters, Selene made representations to Plaintiffs, Class members as set forth in this complaint.

122.     Those representations were false.

123.     When Selene made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

124.     Selene knew that Plaintiffs, Class members, were relying on the representations.

125.     In reliance upon the representations, Plaintiffs and Class members used their funds to pay the entire balance when they could have made a partial payment and used their funds on other necessary living expenses.

126.     As a direct and proximate result of Selene's negligent misrepresentations, Plaintiffs and Class members have been damaged as set forth in this complaint.

127.     Specifically, Plaintiffs injuries included their stress, anxiety, anger, frustration, mental anguish, and the amount they paid in excess of what they owed.

128.     As a direct and proximate result of the foregoing, Plaintiffs and the Class members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and all others similarly situated pray the Court for judgment as

18

set forth below:

1. Certifying this action as a class action as provided by the Rules of Civil Procedure, appointing Plaintiffs as Class representatives, and appointing the undersigned as Class Counsel;

2. Adjudging that Selene violated the FDCPA, FCCPA, and/or Negligent Misrepresentation doctrine sections enumerated above, and awarding Plaintiffs and other putative Class members actual and statutory damages;

3. Awarding Plaintiffs and other putative Florida and Florida FDCPA Class members actual and statutory damages their reasonable attorneys' fees and costs incurred;

4. For punitive damages to the extent allowed by law;

5. That the costs of this action be taxed to Selene;

6. For a trial by jury on all issues so triable; and,

7. For such other and further relief as the Court deems just and proper.


Respectfully submitted, this the 16th day of August 2023.

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**


s/ *Scott C. Harris*
Scott C. Harris
Fla Bar No. 103905
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
sharris@milberg.com

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION**

| | |
|---|---|
| **SALLY ARGONA, CLARISSA CRUZ,**<br>**And KATRINA MARTIN, individually**<br>**and on behalf of all others**<br>**similarly situated,** ) ) ) ) ) | |
| | **Case No. 562023CA002227AXXXHC** |
| **Plaintiffs,** ) | |
| **VS.** ) | |
| ) | |
| **SELENE FINANCE, LP,** ) | |
| **a Texas Corporation,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**NOTICE OF FILING EXHIBIT A AS REFERENCED IN COMPLAINT**

Plaintiffs Sally Argona, Clarissa Cruz, and Katrina Martin ("Plaintiffs") hereby provide

notice to the court of the exhibit ("Exhibit A") as referenced in Plaintiffs' complaint, attached

hereto as Exhibit A.

Respectfully submitted, this the 18th day of August 2023.

                                        **MILBERG COLEMAN BRYSON**
                                        **PHILLIPS GROSSMAN, PLLC**


                                        s/ *Scott C. Harris*
                                        Scott C. Harris
                                        Fla Bar No. 103905
                                        900 W. Morgan Street
                                        Raleigh, NC 27603
                                        Telephone: (919) 600-5000
                                        Facsimile: (919) 600-5035
                                        sharris@milberg.com

# EXHIBIT A

 **selene**

P.O. Box 8619
Philadelphia, PA 19101-8619
Telephone (877) 768-3759
Fax (866) 926-5498
www.selenefinance.com

Hours of Operation (CT)
Monday - Thursday: 8 a.m. - 9 p.m.
Friday: 8 a.m. - 5 p.m.

08/16/2022

ROBERT ALLAN MARTIN



Re:   Loan #:
      Property:

## <u>NOTICE OF DEFAULT AND INTENT TO ACCELERATE</u>

Dear Mortgagor(s):

Selene Finance LP ("Selene"), the servicer of your mortgage loan, and in accordance with the Security Instrument and applicable state laws, provides you with formal notice of the following:

The mortgage loan associated with the Security Instrument is in default for failure to pay the amounts that came due on 07/01/2022 and all subsequent payments.

To cure this default, you must pay all amounts due under the terms of your Note and Security Instrument. As of 08/16/2022, your loan is due for 07/01/2022 and the total amount necessary to cure your default is ▉▉▉▉▉, which consists of the following:

| | |
|---|---|
| Next Payment Due Date: | 07/01/2022 |
| Total Monthly Payments Due: | |
| Late Charges: | |
| Uncollected NSF Fees: | |
| Other Fees: | |
| Corporate Advance Balance: | |
| Unapplied Balance: | |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | |



As of 08/16/2022, the current outstanding principal balance is ▉▉▉▉▉ and the total debt you owe is ▉▉▉▉▉

The total amount you must pay to cure the default stated above must be received by 09/20/2022. Failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Security Instrument, sale of the property and/or foreclosure by judicial proceeding and sale of the property.



NMLS# 6312
237222L222



**selene**

acct # ██████████ - 00001

P.O. Box 8619
Philadelphia, PA 19101-8619
Telephone (877) 735-3637
Fax (866) 926-5498
www.selenefinance.com

Hours of Operation (CT)
Monday - Thursday: 8 a.m. - 9 p.m.
Friday: 8 a.m. - 5 p.m.

05/17/2023

CLARISSA CRUZ

██████████████████

Re:   Loan #:   ██████████████████
      Property: ██████████████████

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Dear Mortgagor(s):

Selene Finance LP ("Selene"), the servicer of your mortgage loan, and in accordance with the Security Instrument and applicable state laws, provides you with formal notice of the following:

The mortgage loan associated with the Security Instrument is in default for failure to pay the amounts that came due on 04/01/2023 and all subsequent payments.

To cure this default, you must pay all amounts due under the terms of your Note and Security Instrument, which includes any delinquent payments and regularly scheduled payments. As of 05/17/2023, your loan is due for 04/01/2023 and the total amount necessary to cure your default is ██████████ which consists of the following:

| | |
|---|---|
| Next Payment Due Date: | 04/01/2023 |
| Total Monthly Payments Due: | |
| Late Charges: | |
| Uncollected NSF Fees: | |
| Other Fees: | |
| Corporate Advance Balance: | |
| Unapplied Balance: | |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | |

As of 05/17/2023, the current outstanding principal balance is ██████████ and the total debt you owe is ██████████

The total amount you must pay to cure the default stated above must be received by 06/21/2023. Failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Security Instrument, sale of the property and/or foreclosure by judicial proceeding and sale of the property.



Page 1 of 3
DM00)

NMLS# 6312
2379790063

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL ACTION

**Plaintiff,**

SALLY ARGONA, et al.

CASE NO.   562023CA002227.

VS.

**Defendant.**

SELENE FINANCE LP,

## SUMMONS:
PERSONAL SERVICE

STATE OF FLORIDA:

TO DEFENDANT(S)   SELENE FINANCE LP

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed In the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, pare contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del tribunal. Ex-isten otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatemente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la gula telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation do cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pour vous protegar. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaltez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une response ecrite, Il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney' (Plaignant ou a son avocat) nomme ci-dessous.

Scott C. Harris

Plaintiff/Plaintiff's Attorney

Milberg, 900 W. Morgan Street

Raleigh, NC 27603

(Address)

NOTICE: ANY PERSON WITH A DISABILITY
REQUIRING REASONABLE ACCOMMODATION
SHOULD CALL *1-772-807-4370* (VOICE)
1-800-955-8771 (TDD)  NOT LATER
THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint In this lawsuit on the above-named Defendant.

DATED on   August 18   , 2023

Michelle R. Miller
Clerk & Comptroller, St. Lucie County

(Seal)

By   *May K Fee*
as Deputy Clerk

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL ACTION

**Plaintiff,**

SALLY ARGONA, et al.

CASE NO.   562023CA002227/

VS.

**Defendant.**

SELENE FINANCE LP,

## SUMMONS:
### PERSONAL SERVICE

STATE OF FLORIDA:                    TO DEFENDANT(S)

SELENE FINANCE LP

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed In the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, pare contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del tribunal. Ex-isten otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la gula telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation do cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pouor vous protegar. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une response ecrite, Il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney' (Plaignant ou a son avocat) nomme ci-dessous.

Scott C. Harris

Plaintiff/Plaintiff's Attorney

Milberg, 900 W. Morgan Street

Raleigh, NC 27603

(Address)

```
NOTICE: ANY PERSON WITH A DISABILITY
REQUIRING REASONABLE ACCOMMODATION
SHOULD CALL 1-772-807-4370(VOICE)
1-800-955-8771 (TDD)  NOT LATER
THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.
```

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint In this lawsuit on the above-named Defendant.

DATED on _____, 20____

Michelle R. Miller
Clerk & Comptroller, St. Lucie County

(Seal)

By _____

as Deputy Clerk

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION

SALLY ARGONA, CLARISSA CRUZ,
and KATRINA MARTIN, individually
and on behalf of all others similarly
situated,

     Plaintiffs,                       Case No. 2023-CA-002227

vs.

SELENE FINANCE, LP, a Texas
corporation,

     Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFFS' CLASS ACTION COMPLAINT AND DEMAND FOR
JURY TRIAL**

      Defendant, Selene Finance, LP ("**Selene**"), moves this Honorable Court, pursuant to Rule

1.090(b), Florida Rules of Civil Procedure, for an extension of time to respond to Plaintiffs, Sally

Argona, Katrina Martin, and Clarissa Cruz's (collectively "**Plaintiffs**") Class Action Complaint

and Demand for Jury Trial (the "**Complaint**"), and in support thereof states as follows:

      1.     On August 16, 2023, Plaintiffs filed the Complaint.

      2.     On August 28, 2023, Plaintiffs served the Complaint on Selene. Therefore, Selene's

current deadline to respond to the Complaint is September 18, 2023.

      3.     Selene recently retained the undersigned counsel to defend this action and needs

additional time to analyze the allegations of the Complaint and prepare its response to same.

      4.     Accordingly, Selene requests a twenty (20) day extension of time, up through and

including October 9, 2023, to file its response to Plaintiffs' Complaint.

5.      Undersigned counsel certifies she contacted Plaintiffs' counsel regarding the extension requested herein, and Plaintiff's counsel indicated they do not object to the requested extension.

WHEREFORE, Selene respectfully requests this Honorable Court grant the instant Motion, enter an Order extending Selene's deadline to file its response to the Complaint up through and including October 9, 2023, and grant such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Sara D. Accardi
Sara D. Accardi, Esq.
Florida Bar No. 106923
**BRADLEY ARANT BOULT
CUMMINGS LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary email: saccardi@bradley.com
Secondary email: jbrandt@bradley.com
*Counsel for Defendant, Selene Finance, LP*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on September 18, 2023, using the Court's Florida E-filing Portal system and that a true and correct copy of the foregoing was served on the following parties via U.S. Mail and/or via electronic filing:

| | |
|---|---|
| Scott C. Harris, Esq.<br>Milberg Coleman Bryson Phillips Grossman, PLLC<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>sharris@milberg.com<br>*Counsel for Plaintiffs* | |

/s/Sara D. Accardi
Sara D. Accardi, Esq.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION

SALLY ARGONA, CLARISSA CRUZ,
and KATRINA MARTIN, individually
and on behalf of all others similarly
situated,

     Plaintiffs,                       Case No. 2023-CA-002227

vs.

SELENE FINANCE, LP, a Texas
corporation,

     Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL
## AND DESIGNATION OF E-MAIL ADDRESSES

     Sara D. Accardi, Esq., of the law firm of Bradley Arant Boult Cummings LLP, gives notice

of her appearance as counsel for Defendant, SELENE FINANCE, LP, in this action. Pursuant to

Rule 2.516 of the Florida Rules of Judicial Administration, Sara D. Accardi, Esq. gives notice of

the e-mail addresses to which service must be made upon in this action:

     Sara D. Accardi:     saccardi@bradley.com (Primary)
     Jessica Brandt:     jbrandt@bradley.com (Secondary)

Respectfully submitted,

/s/ Sara D. Accardi
Sara D. Accardi, Esq.
Florida Bar No. 106923
**BRADLEY ARANT BOULT
CUMMINGS LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary email: saccardi@bradley.com
Secondary email: jbrandt@bradley.com
*Counsel for Defendant, Selene Finance, LP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on September

18, 2023, using the Court's Florida E-filing Portal system and that a true and correct copy of the

foregoing was served on the following parties via U.S. Mail and/or via electronic filing:

| | |
|---|---|
| Scott C. Harris, Esq.<br>Milberg Coleman Bryson Phillips Grossman, PLLC<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>sharris@milberg.com<br>*Counsel for Plaintiffs* | |

/s/Sara D. Accardi
Sara D. Accardi, Esq.