UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14297-Cannon/McCabe

CLARISSA CRUZ, ROBERT ALLAN
MARTIN, and KATRINA MARTIN,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.

SELENE FINANCE, LP
a Texas Corporation,

      Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Strike Plaintiffs' Jury

Trial Demand, which was referred to the undersigned by United States District Judge Aileen M.

Cannon.  (DE 39, DE 78).  For the reasons set forth below, the undersigned **RECOMMENDS** that

the Motion be **GRANTED**.

## I.     BACKGROUND

This is a putative class action brought by a group of residential mortgage holders against a

mortgage loan servicer alleging, among other claims, violation of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Florida Consumer Collection Practices Act,

Fla. Stat. § 559.72 ("FCCPA").  The operative complaint demands a jury trial.  (DE 15 at 35).  By

way of this Motion, Defendant seeks to strike the demand, arguing that all three named Plaintiffs

waived their right to a jury trial based on their individual mortgage documents.

In particular, in 2007, Plaintiff Clarissa Cruz executed a promissory note in favor of

JPMorgan Chase Bank, N.A., secured by a mortgage encumbering property she owned in Orlando,

Florida (the "Cruz Mortgage").  (DE 39-3).  Likewise, in 2018, Plaintiffs Robert and Katrina

Martin executed a promissory note in favor of Shelter Mortgage Company, LLC, secured by a

mortgage encumbering property they owned in Davenport, Florida (the "Martin Mortgage").  (DE

39-1).  Paragraph 25 of the Cruz and Martin Mortgages contained the following identical language

regarding waiver of the right to a jury trial:

> Jury Trial Waiver.  The Borrower hereby waives any right to a trial by jury in any
> action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in
> equity, arising out of or in any way related to this Security Instrument or the Note.

(DE 39-1 ¶ 25; DE 39-3 ¶ 25).  Paragraph 13 of both mortgages likewise contained identical

language providing that "[t]he covenants and agreements of this Security Instrument shall bind ...

and benefit successors and assigns of Lender."  (DE 39-1 ¶ 13; DE 39-3 ¶ 13).

The Cruz and Martin Mortgages were subsequently assigned and transferred to U.S. Bank

National Association in a trustee capacity ("U.S. Bank").  (DE 39-2; DE 39-4).  At some point,

U.S. Bank engaged Defendant to service both mortgages.  In connection with these services, on

May 3, 2023, and again on November 2, 2023, U.S. Bank executed a Limited Power of Attorney,

appointing Defendant to do the following:

> [U.S. Bank] … hereby constitutes and appoints [Defendant] to execute and
> acknowledge in writing … all documents customarily and reasonably necessary and
> appropriate for the tasks described in the items (1) through (12) below....
>
>  …
>
> 1. Demand, sue for, recover, collect and receive each and every sum of money,
>    debt, account and interest ... belonging to or claimed by [U.S. Bank], and to use
>    or take any lawful means for recovery by legal process or otherwise, including
>    but not limited to ... the preparation and issuance of statements of breach,
>    notices of default ... foreclosing on the properties under the Security
>    Instruments by judicial or non-judicial foreclosure ... and any and all other legal
>    actions, in tort, contract or otherwise, necessary to enforce the terms of the
>    Security Instrument ….

(DE 39-5 at 1; DE 71-1 at 1).

2

## II.   DISCUSSION

Based on the above documents, Defendant argues that (A) Plaintiffs validly waived their right to a jury trial, (B) Defendant has standing to invoke the waiver as an agent or "assign" of U.S. Bank, and (C) the scope of the waiver includes the claims set forth in the operative complaint. As set forth below, the Court agrees.

### A.   The Waiver was Knowing & Voluntary

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006). In determining whether to enforce a jury waiver, courts generally consider: (1) the conspicuousness of the waiver provision; (2) the parties' relative bargaining power; (3) the sophistication of the party challenging the contract; and (4) whether the terms were negotiable. *Id.* at 823-24. "No single factor is conclusive, and the court is not bound by the number of factors that are satisfied." *Balchunas v. Bank of Am., N.A.*, No. 2:20-CV-14106, 2020 WL 4718435, at *2 (S.D. Fla. Aug. 13, 2020). Rather, the Court should consider whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Id.*

In *Martorella v. Deutsche Bank Nat. Tr. Co.*, No. 12-80372-CIV, 2013 WL 1136444, at *1 (S.D. Fla. Mar. 18, 2013), a district court addressed a jury waiver clause identical to the one at issue here. On review of the clause, the court noted the following:

> In this case the clause is adequately conspicuous. It is contained in its own separate paragraph. It is located on the last page of the mortgage and directly precedes Plaintiff's signature…. The jury trial waiver is in a typeface and style consistent with the rest of the document and is not obscured by other language. It is not hidden in a footnote. In addition, the jury trial waiver is written in clear and unambiguous language, rather than in perplexing "legalese."

*Id.* at *3.  Based in part on the conspicuous nature of the clause, the court found the waiver valid and enforceable and granted the defendant's motion to strike the plaintiff's jury trial demand.  *Id.* at *4.

All of the court's observations in *Martorella* hold equally true for the identical jury waiver provision located in paragraph 25 of the Cruz and Martin Mortgages.  Like the *Martorella* court, this Court finds Plaintiffs' waiver to be valid and enforceable.  Other courts have routinely enforced jury trial waivers with similar language.  *See Acciard v. Whitney*, No. 2:07-CV-00476, 2011 WL 4902972, at *2 (M.D. Fla. Oct. 13, 2011) (noting that identical provision was "identified with a bold-face heading, set forth in a separately numbered paragraph contained in the last paragraph of the page immediately preceding the Borrowers' signature page. . . [and] consists of unambiguous plain English."); *Winiarski v. Brown & Brown, Inc.*, No. 5:07-CV-409-OC-10GRJ, 2008 WL 1930484, at *2 (M.D. Fla. May 1, 2008) (enforcing similar jury trial waiver); *Murphy v. Cimarron Mortg. Co.*, No. 8:06-CV-2142-T-24TBM, 2007 WL 294229, at *1 (M.D. Fla. Jan. 29, 2007) (same); *see also Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010) (noting that a waiver is not unenforceable merely because "one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services").

**B.      Defendant has Standing to Invoke the Waiver**

The Court likewise finds that Defendant has standing to invoke the jury waiver provision. By operation of paragraph 13 of the Cruz and Martin Mortgages, Plaintiffs agreed that "[t]he covenants and agreements of this Security Instrument shall bind ... and benefit successors *and assigns* of Lender."  (DE 39-1 ¶ 1; DE 39-3 ¶ 13) (emphasis added).  The Cruz and Martin Mortgages were ultimately assigned and transferred to U.S. Bank, leaving U.S. Bank standing in

4

the shoes of the original Lenders.  (DE 39-2; DE 39-4).  The question presented, therefore, is whether Defendant can be considered an "assign" of U.S. Bank within the meaning of paragraph 13.

The mortgages themselves do not define the term "assign," which paragraph 13 uses as a noun not as a verb.  Although Black's Law Dictionary does not define "assign" in its noun form, it does define the similar term "assignee" as "a person to whom an assignment is made." *Assignee*, BLACK'S LAW DICTIONARY (6th ed. 1990).  It further defines "assignment" as "the act of transferring to another all or part of one's property, interest, or rights." *Id. at Assignment.*  It defines the verb "assign" as "to appoint, allot, select, or designate for a particular purpose or duty." *Id. at Assign.*  Non-legal dictionaries offer a similar definition of the verb "assign." *See Assign*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/assign (last visited August 23, 2024) (defining "assign" as "to appoint as a duty or task").

Applying these definitions here, U.S. Bank executed a Power of Attorney for the express purpose of appointing and designating Defendant for specific duties, namely, executing documents necessary to enforce U.S. Bank's rights under its mortgage agreements.  (DE 71-1).  This necessarily included issuing the default notices at issue in this lawsuit.  (DE 15-1; DE 15-2).  Because U.S. Bank contractually appointed Defendant to handle the matters at issue in the lawsuit, the Court finds that Defendant qualifies as an "assign" within the meaning of paragraph 13 of the Cruz and Martin Mortgages.  Because Plaintiffs also agreed that "assigns" would enjoy the benefits of all covenants in the mortgages, the Court finds that Defendant has standing to invoke the jury trial waiver included in paragraph 25.

Other courts have recognized, under similar circumstances, a third party's ability to invoke a jury trial waiver even though not a signatory to the contract. *See Hamilton v. Sheridan*

5

*Healthcorp.*, No. 13-62008-CIV, 2014 WL 537343 at *3 (S.D. Fla. Feb. 11, 2014) ("Where a principal has signed a contract containing a jury waiver clause, its employees and agents may also enforce the waiver with regard to claims arising from acts taken within the scope of their employment or agency."); *Charles v. Deutsche Bank Nat'l Tr. Co.*, No. 1:15-CV-21826-KMM, 2016 WL 950968, at *4 (S.D. Fla. Mar. 14, 2016) (noting that "[loan servicer] was hired to service the loan owned by Deutsche Bank, and [loan servicer] is an employee and agent of Deutsche Bank" and thus "would be able to enforce the mortgage's jury trial waiver given its relationship with Deutsche Bank."); *O'Steen v. WellsFargo Bank, N.A.*, No. 617-CV-849-ORL-31KRS, 2017 WL 4959403, at *2 (M.D. Fla. Nov. 1, 2017) ("Court sees no rational reason why [the loan servicer] would be unable to invoke the jury trial waiver provision if [the loan servicer] was in fact an agent of the owner of the loan.").

### C.      This Case Falls within the Scope of the Waiver

Finally, the Court finds that Plaintiffs' claims fall within the scope of paragraph 25's waiver provision. Plaintiffs waived "any right to a trial by jury" in any legal action "arising out of or in any way related to this Security Instrument or the Note." (DE 39-1 ¶ 25; DE 39-3 ¶ 25). The operative complaint alleges claims under the FDCPA, the FCCPA, and Florida common law, arising from Defendant's issuance of default notices meant to enforce U.S. Bank's rights under the mortgages. (DE 15-1; DE 15-2). In the Court's view, these claims arise out of and relate to the Cruz and Martin Mortgages.

Florida courts have repeatedly interpreted similar waiver provisions to cover similar claims. *See Levinson v. Green Tree Servicing, LLC*, No. 8:14-CV-02120-EAK, 2015 WL 1912276, at *1-2 (M.D. Fla. 2015) (finding FCCPA claim within the scope of jury waiver that covered claims "in any way related to" the mortgage); *Belin v. Litton Loan Servicing, LP*, No.

8:06-CV-760-T-24EAJ, 2006 WL 2061340, at *2 (M.D. Fla. 2006) ("Clearly, [Plaintiff]'s FDCPA and FCCPA claims are related to the mortgage, even though they do not directly arise from the mortgage itself."); *Martorella*, 2013 WL 1136444, at *3 (finding that "FCCPA claims arise from collection activities for amounts due under the mortgage and note that [plaintiff] executed").

### III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 39) be **GRANTED** and that the District Court **STRIKE** Plaintiffs' jury trial demand.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23rd day of August 2024.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE