# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

CLARISSA CRUZ, ROBERT ALLAN
MARTIN and KATRINA MARTIN,
individually and on behalf of themselves
and all others similarly situated,

      Plaintiffs,

                                    Case No.: 2:23–cv–14297–AMC

v.

SELENE FINANCE, LP,

      Defendant.

_____/

## PLAINTIFFS' OBJECTION TO THE REPORT & RECOMMENDATION ON DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' JURY TRIAL DEMAND

    Plaintiffs Clarissa Cruz, Robert Allan Martin, and Katrina Martin, individually and on behalf of themselves and all others similarly situated ("Plaintiffs") file their Objection to the Report & Recommendation ("Report") on Selene Finance, LP's ("Selene" or "Defendant") Motion to Strike Plaintiff's Jury Trial Demand entered on August 23, 2024 [DE 90] pursuant to Fed. R. Civ. P. 72(a).

## LEGAL STANDARD

    "A court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge." *Monarch Air Grp., LLC v. JPMorgan Chase Bank, N.A.*, 2023 WL 9472589, at *2 (S.D.Fla. Dec. 18, 2023) (citing *Macort v. Prem, Inc.*, 208 F.App'x 781, 784 (11th Cir. 2006)). "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide" a district court judge in the case "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a);

*see also Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) ("Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard."). A clear error is found if the district court "is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350-51 (11th Cir. 2005). "A magistrate judge's order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bradford Emergency Grp., LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2022 WL 4545177, at *1 (S.D.Fla. Sept. 29, 2022) (quoting *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D.Ala. July 23, 2008)).

## ARGUMENT

### I.  OBJECTION TO FINDING DEFENDANT HAS STANDING TO INVOKE THE WAIVER

Magistrate Judge McCabe found that Selene had standing to invoke the jury trial waiver provision of Plaintiffs' mortgages because Selene was the assignee of U.S. Bank, Plaintiffs' lender, but contrary to the Court's holding, Selene has not provided ample evidence to demonstrate it is an assign of U.S. Bank. [DE 90, pp. 4-5].

Non-parties to mortgages cannot enforce jury trial waivers. *See Hamid v. Ocwen Loan Serv., LLC*, 2014 WL 766659, at *1 (S.D.Fla. Feb. 26, 2014) (citing *Omega v. Deutsche Bank Tr. Co.,* 920 F.Supp.2d 1298, 1298 (S.D.Fla. 2013); and *Williams v. Wells Fargo Bank, N.A.*, 2011 WL 4901346, at *13 (S.D.Fla. Oct. 14, 2011)) (finding a non-party loan servicer could not enforce the jury trial waiver in the mortgage); *see also Thompson v. Caliber Home Loans, Inc.*, 2016 WL 278731, at *2 (S.D.Fla. Jan. 22, 2016) (holding that loan servicer, as a nonparty to the mortgage, did not have standing to invoke the jury trial waiver); *Shallenburg v. PNC Bank N.A.*, 2016 WL 3525203, at *2 (M.D.Fla. Jun. 28, 2016) (same). This is because "[t]he jury waiver is contained in the mortgage contract, and thus [is] part of a

contractual relationship." *Williams*, at \*13; *see also O'Steen v. Wells Fargo Bank, N.A.*, 2017 WL 4583296, at \*2 (M.D.Fla. Oct. 13, 2017) ("Generally, a contractual jury waiver cannot be invoked by a non-party").[1]

### a. The Limited Power of Attorney is Not Evidence of an Assignment

Crucially, the Limited Power of Attorney that Judge McCabe relies on does not demonstrate evidence of an assignment to Selene. First, this Limited Power of Attorney was not executed until *after* this matter was filed. Specifically, the Limited Power of Attorney was executed on November 2, 2023— more than one year after the Martin Plaintiffs received their Final Letter and nearly six months after Plaintiff Cruz received her Final Letter (*see* [DE 10; DE 10-1; and DE 10-2]); as well as nearly three months after Plaintiffs' Original Complaint was filed in Florida's Nineteenth Judicial District Court on August 16, 2023 (*see* [DE 1-2]); approximately six weeks after Selene removed the case to this Court on September 27, 2023 (*see* [DE 1]); and eight days after Plaintiffs filed their First Amended Complaint on October 26, 2023 (*see* [DE 7]). In other words, the Limited Power of Attorney—which Selene relies upon and claims provided it the ability and authority to enforce the jury trial waiver against Plaintiffs in this case—did not exist until after all the events leading to this action had occurred and all resulting claims had been alleged (and re-alleged) in the present action. As a result, the Limited Power of Attorney cannot be said to establish Selene's rights and obligations as a loan servicer, let alone its power

---

[1] Courts have consistently held that other portions of the mortgage, such as a notice and cure provision, are unenforceable by loan servicers. *See, e.g., Schmidt v. Wells Fargo Home Mortg.*, 2011 WL 1597658, at \*3 (E.D. Va. Apr. 26, 2011), *aff'd*, 482 F. App'x 868 (4th Cir. 2012) ("The notice-and-cure provisions in the deeds of trust bind the borrower and the lender, not the borrower and the loan servicer."); *Johnson v. Specialized Loan Servicing, LLC*, 2017 WL 4877450, at \*2 (M.D. Fla. Oct. 24, 2017) (finding "the 'notice-and-cure' provision applies only to disputes between Plaintiff and her lender concerning acts relating to the mortgage contract. The clause imposes no such obligations regarding disputes Plaintiff has with SLS, which services the loan secured by the mortgage."); *Patrick v. Teays Valley Trustees, LLC*, 2012 WL 5993163, at \*9 (N.D.W.Va. Nov. 30, 2012) ("[T]he Notice-and-Cure Provision in the Plaintiffs' Deed of Trust expressly bind the borrower and lender – not the borrower and a loan service provider or substitute trustee.").

to invoke the waiver. *See, e.g., Russell v. Aurora Loan Servs., LLC*, 163 So.3d 639, 641 (Fla.2d DCA 2015) (re: a change in servicer during a foreclosure action; rejecting the servicer's argument that a limited power of attorney executed in its favor established the original servicer's standing at the time the foreclosure suit was filed because, *inter alia*, it was executed approximately "eighteen months after the complaint was filed" and "grant[ed] limited powers to [the second servicer] only") (cleaned up).

Moreover, the Limited Power of Attorney does not include such a broad grant of power. Instead, the Limited Power of Attorney imparts the authority "to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks" outlined in just <u>twelve enumerated responsibilities</u> upon Selene, none of which expressly or impliedly include any "empower[ment]" or "entitlement" for Selene to enforce the original jury trial waiver in its own favor—nor do either the Mortgages themselves or the recorded assignments to U.S. Bank.[2] [DE 39-5 p. 1].

### b. The Jury Trial Waiver Does Not Apply to Loan Servicers

The waivers in the Mortgages state Plaintiffs "waive[d] any right to a trial by jury in any action…arising out of or in any way related to this Security Instrument or the Note." [DE 39-1 p. 12; DE 39-3 p. 14]. The Mortgages also make clear that the rights and obligations of the original Lender and any subsequent purchaser of the mortgage are entirely detached from those of any "Loan Servicer," including Selene, such that the two are distinct marketable objects and may be

---

[2] *Compare Thompson,* at *2 (separately analyzing "whether Caliber, the loan servicer, and Vericrest, the current holder [of the Mortgage], have standing to invoke the jury waiver[;]" and holding that Caliber "[did] not have standing…because it was not a party to the mortgage contract," but Vericrest was "a successor and assign of…the original lender," thus it could enforce "the covenants and agreements of the Mortgage, [including] the jury trial waiver"); *see also Omega,* at 1300-01 (same: the servicer "cannot enforce the waiver against Plaintiffs," but the "owner and successor in interest of the Note can invoke the jury trial waiver contained in the Mortgage," thus "the motion [to strike] should be granted as to" the owner only).

sold or assigned individually.[3] Because Selene's rights and obligations as the loan servicer are separate from the Mortgages themselves, Plaintiffs could not have knowingly and voluntarily waived their constitutional right to a jury trial as to any loan servicer, including Selene, when they executed their Mortgages, and Selene does not have standing to enforce the waiver. *Omega,* 920 F.Supp.2d at 1300-01 (finding the servicer "cannot enforce the waiver against Plaintiffs," but the "owner and successor in interest of the Note can invoke the jury trial waiver contained in the Mortgage," thus "the motion [to strike] should be granted as to" the owner only); *Hamid,* 2014 WL 766659, at *1 (finding a non-party loan servicer could not enforce the jury trial waiver in the mortgage). Moreover, as Selene itself states, Plaintiffs' Mortgages were "assigned and transferred to U.S. Bank," not to Selene. [DE 39 p. 2]. The recorded assignments of Plaintiffs' Mortgages state that U.S. Bank alone is the assignee of each Mortgage and Selene is the servicer, with no additional rights or obligations under the Mortgages conferred upon Selene.[4] [DE 39-2 p. 2; DE 39-4 p. 9]. To find otherwise would be a clear error and contrary to the law.

## II.    OBJECTION TO FINDING THIS CASE FALLS WITHIN THE SCOPE OF THE

---

[3] Pursuant to the Mortgages, there are multiple means by which a mortgage may receive a new servicer, including that all or part of the original lender's interest in the promissory note (the "Note") may be sold "together with [the] Security Instrument," possibly resulting in a new loan servicer. [DE 39-1 pp. 10-11; DE 39-3 p. 13]. If, following a sale, the mortgage "is serviced by a Loan Servicer other than the purchaser of the Note, the [servicing obligations] are not assumed by the Note purchaser." [*Id.* (emphasis added)]. Moreover, borrowers may experience "changes of the Loan Servicer unrelated to the sale" of their Note. [*Id.*].

[4] On the assignment records, Selene's name appears only after "C/O," which does not convey any interest in or right from the Mortgages. [DE 39-2 p. 2; DE 39-4 p. 9]. "C/O" is an abbreviation of "care of." *See* "C/O," Black's Law Dictionary (11th ed. 2019). "The 'care of' label designates the intended recipient of a mailing even though its contents may pertain to another[;]" it "simply means that one party accepts or receives something for another party." *McEachern v. McEachern*, 2023 WL 8432113, at *5 (M.D.Fla. Dec. 5, 2023) (cleaned up); *see also Sheet Metal Workers Union Local No. 441 Health & Welfare Fund v. Air Comfort Co., Inc.*, 2010 WL 1729745, at *2 (S.D.Ala. Apr. 20, 2010) ("['C/O'] means that the paper is intended to pass through the hands of an intermediary on its way to the addressee"). Accordingly, Selene is an intermediary for the true assignee, U.S. Bank; it has never had any interest in or entitlement to the benefits of the Mortgages via the assignment; it only has the responsibility to handle the "paper"—the communications and payments—intrinsic to servicing a mortgage loan.

**WAIVER**

Judge McCabe also held that Plaintiffs' claims fell within the scope of the jury waiver provision, which states that a jury trial is waived as to any legal action "arising out of or in any way related to this Security Instrument or the Noted." [DE 39-1 ¶ 25; DE 39-3 ¶ 25]. Not so. Plaintiffs' claims arise solely out of the debt collection activities perpetrated by Selene—not out of the terms of their Mortgages. It is well-established in the Eleventh Circuit "that a claim 'relates to' a contract when the dispute occurs as a fairly direct result of the performance of contractual duties;" however, the fact that "a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'relates to' that agreement[—]the phrase [merely] marks a boundary by indicating some direct relationship[;]" it does not "extend to the furthest stretch of its indeterminacy." *Brinegar v. Ditech Fin. LLC*, 2016 WL 6681377, at *2 (M.D.Fla. Nov. 14, 2016) (quoting *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340-41 (11th Cir. 2012)) (cleaned up) (emphasis added)).

There are several instructive cases on point in this circuit regarding similar issues. For example, in *Willis v. Carrington Mortg. Servs.*, 2016 WL 7494477, at *1 (M.D.Fla. May 4, 2016), the court held that the plaintiff's claims under the Telephone Consumer Protection Act and the Florida Consumer Collection Practices Act ("FCCPA") originated from collection attempts made by his loan servicer— not the mortgage contract (including the jury trial waiver) itself. Therefore, the plaintiff's claims arose not as "a direct result of the performance of a contractual duty, nor [out] of the mortgage or note, and therefore the jury waiver [did] not apply." *Id.* (declining to strike jury trial demand). The court in *Brinegar*, 2016 WL 6681377 adopted the reasoning in *Willis*, adding that, while determination of the waiver's scope "is a close call," the "right to trial by jury is fundamental to our justice system, [and] federal courts are obligated to indulge every reasonable presumption against wavier[;]" therefore, "[w]ith this presumption in mind," the court held that the plaintiff's "consumer protection case is not

sufficiently related to the mortgage [to] fall within the scope of the waiver." *Brinegar,* at *2 (declining to strike jury trial demand) (cleaned up).

In *Lynch v. Wells Fargo Bank, N.A.*, 2019 WL 13202780, at *4-5; *18-19 (S.D.Fla. Jun. 19, 2019), the court considered two provisions of the plaintiff's mortgage: a pre-suit notice requirement and a jury trial waiver. Addressing the pre-suit notice provision first, the *Lynch* court held that, because the plaintiff's "claims [were] all based on Defendant's alleged violations of [the federal Real Estate Settlement Procedures Act]" and "not a breach of the Mortgage," the provision contained in the Mortgage did not apply to the plaintiff's claims. *Id.* at *4-5 (cleaned up). Then, the court applied the same reasoning to the defendant's motion to strike the jury trial demand based on the waiver in the Mortgage, holding that, since it had "already declined to apply another provision of the Mortgage to this matter, namely [the pre-suit notice provision], and found that [the plaintiff's] allegations ar[ose] out of [the defendant's] alleged violations of [federal law] and not [the] Mortgage," it must "[decline] to strike Plaintiff's jury trial demand." *Id.* at *19 (cleaned up); *see also Lopez v. Nationstar Mortg. LLC*, 2021 WL 4990958, at *4-5 (S.D.Fla. Jan 19, 2021) (the plaintiff "does not allege a breach of any provision of the Mortgage;" and plaintiff's "claims arise solely out of obligations imposed by [federal law]. Accordingly, the pre-suit notice provision [contained in the Mortgage contract] does not apply") (cleaned up); *Garay v. Select Portfolio Serv., Inc.*, 2020 WL 10823745, at *3 (S.D.Fla. Aug. 7, 2020) (the "claim here is not grounded in the Mortgage because it alleges a violation of a federal statute outside of the duties owed within the Mortgage itself").[5]

---

[5] *See also Mills v. Select Portfolio Servicing, Inc.*, 2018 WL 5113001 at *5 (S.D.Fla. Oct. 19, 2018) (denying motion to dismiss based on a pre-suit notice provision where the plaintiff brought only statutory claims, thus the allegations did not relate to any provision of the mortgage itself); *compare Charles v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 950968, at *2 (S.D.Fla. Mar. 14, 2016) (finding the plaintiff's claims "that he was unlawfully overcharged for each property inspection…directly implicate paragraph 9 of the mortgage, which authorizes [the defendants] to inspect the Property" because "but-

The Plaintiffs here are not challenging Selene's authorization to service the debt or assess any fees pursuant to the Mortgages, the recorded assignments, or the Limited Power of Attorney; nor are they asserting than Selene's debt collection activities giving rise to Plaintiffs' claims derive from an incorrect or unlawful interpretation of any term or provision therein. Instead, Plaintiffs claim that Selene's false representations in its Final Letters violate the law, namely the Fair Debt Collection Practices Act ("FDCPA") and FCCPA. In other words, Plaintiffs' claims are independent from their Mortgages. As a result, none of the issues brought or claims made by Plaintiffs in this case is "related" to their Mortgages—only to Selene's debt collection activities, all of which are outside the scope of the Mortgages, including the waiver. *See Belcher v. Ocwen Loan Servicing, LLC,* 2016 WL 7243100 (M.D. Fla. Dec. 15, 2016) (finding provisions in mortgage inapplicable where claims were based on the FDCPA and FCCPA); *Garay*, 2020 WL 10823745, at *3 (holding that provisions in mortgage do not apply to FCCPA claims when the servicer charged a "processing fee"); *St. Breux v. U.S. Bank, Nat. Ass'n,* 919 F. Supp. 2d 1371, 1374 (S.D. Fla. 2013) (provision of the mortgage contract did not apply to the plaintiff's TILA claim because the claimed TILA violation, that defendant failed to disclose the name of the owner or master servicer upon plaintiffs request, is a violation of a duty owed by reason of TILA, not the mortgage).

Plaintiffs' claims relate solely to Selene's debt collection activity and arise not from the Mortgages, but from Selene's internal business practices and the applicable federal and state laws and regulations, all of which restrict Selene from accelerating and foreclosing as threatened in the Final Letters. Accordingly, like the courts in *Willis*, *Brinegar*, and *Lynch*, this Court should find that the claims brought by Plaintiffs are unrelated to their Mortgages because Selene's debt collection activities

---

for paragraph 9, [the defendants] would not have inspected the Property," thus the plaintiff's "claims are based entirely on the mortgage, arising from conduct done pursuant to the mortgage.").

are not within the scope of the Mortgages or the waivers. As a result, Judge McCabe's ruling is contrary to the law.

### III.     OBJECTION TO FINDING THE WAIVER KNOWING AND VOLUNTARY

Judge McCabe held in his Report, that Plaintiffs' jury trial waiver provisions were valid and enforceable because they were knowing and voluntary, however this holding was contrary to the law on this issue. [DE 90, pp. 3-4]. Judge McCabe relied primarily on *Martorella v. Deutsche Bank Nat. Tr. Co.*, 2013 WL 1136444 (S.D.Fla. Mar. 18, 2013), in which an identical jury waiver clause was found to be conspicuous. However, Judge McCabe ignored a breadth of precedent demonstrating otherwise. *See Cannon v. Wells Fargo Bank N.A.*, 917 F.Supp.2d 1025 (N.D.Cal. 2013) (striking an identical jury trial waiver where it was located on the last page of the mortgage, was the last provision of the mortgage, was the same font and size as the rest of the document and did require the plaintiffs to initial); *Forte Young v. Whiting-Turner Cont. Co.*, 2019 WL 13062722, at *3 (M.D.Fla. Mar. 11, 2019) (finding jury trial waiver inconspicuous where it was "the same font and the same size as the rest of the document"); *Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Props., Inc.*, 2018 WL 3817763, at *3 (M.D.Fla. Aug. 10, 2018) (same: plus, the waiver was not "set off from the rest of the text").

The jury trial waiver in Plaintiffs' mortgages occurs in the same circumstances as *Cannon*—the waiver is on the last page of the mortgages, it is the last provision of the mortgages, is the same font and size as the rest of the document and does not include space for Plaintiffs to initial. *See* [DE 39-1; DE 39-3]. As a result, finding that Plaintiffs' jury trial waivers are knowing and voluntary is contrary to the law.

As Judge McCabe noted, courts must carefully consider the conspicuousness of the waiver provision. [DE 90, pp. 3-4]. Even if the Court finds, contrary to *Cannon*, that the jury waiver was clear and conspicuous *generally*, it certainly did not provide Plaintiffs clear and conspicuous notice that they

were waiving their Seventh Amendment right to **any** non-party alleged to be "an assign." This is especially apparent when the attenuated nature of the "assignment"—as identified above—is considered. The waiver provision did not provide Plaintiff with conspicuous notice that Selene would be entitled to enforce it as a non-party to the mortgage. *See Barnello v. Bayview Loan Servicing, LLC*, 2016 WL 11565618, at *3 (M.D.Fla. Mar. 15, 2016) (emphasizing that a jury trial can only bind an intended third-party beneficiary or contract to the party). In other words, the Court can and should distinguish between the conspicuous of the waiver provision when being extended to non-parties.

Date: September 6, 2024

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

*/s/ Scott C. Harris*
Scott C. Harris, Fla. Bar No. 103905
900 W. Morgan Street
Raleigh, North Carolina 27603
Phone: (919) 600-5000
Facsimile: (919) 600-5035
Email: sharris@milberg.com

Jonathan B. Cohen, Fla. Bar No. 27620
3833 Central Ave. St.
Petersburg, FL 33713
Phone: (813) 699-4056
Email: jcohen@milberg.com

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing **Plaintiffs' Objection to the Report and Recommendation on Defendant's Motion to Strike Plaintiffs' Jury Trial Demand** was served with the Clerk of the Court, and upon counsel of record using the Court's CM/ECF system.

This the 6th day of September, 2024.

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**

*/s/ Scott C. Harris*
Scott C. Harris, Fla. Bar No. 103905
900 W. Morgan Street
Raleigh, North Carolina 27603
Phone: (919) 600-5000
Facsimile: (919) 600-5035
Email: sharris@milberg.com

*Attorney for Plaintiffs*