UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14297-CIV-CANNON/McCabe

**CLARISSA CRUZ, KATRINA MARTIN**,
and **ROBERT ALLAN MARTIN**
individually and behalf of others
similarly situated,

      Plaintiffs,
v.

**SELENE FINANCE, LP**,

      Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND GRANTING IN PART MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, pursuant to Rule 12(b)(6) (the "Motion") [ECF No. 17]. Following referral [ECF No. 78], Magistrate Judge Ryon M. McCabe issued a Report recommending denial of the Motion as to Counts I–V and granting the Motion as to Count VI (the "Report") [ECF No. 89]. Defendant timely filed objections to the Report's conclusion as to Counts I through V [ECF No. 96]. Plaintiffs filed a Notice of Non-Objection and also responded to Defendant's objections in a separate filing [ECF Nos. 94, 101]. The Court has reviewed the Report [ECF No. 89] and the full record. Upon review, the Report [ECF No. 89] is **ACCEPTED**, and the Motion [ECF No. 17] is **GRANTED IN PART** in accordance with the Report.

CASE NO. 23-14297-CIV-CANNON/McCabe

**RELEVANT BACKGROUND**[1]

This putative class action is brought by a group of residential mortgage lenders against Defendant Selene Finance, LP, a mortgage loan servicer [ECF No. 15 ¶¶ 10, 13]. Defendant acquired the servicing rights in Plaintiffs' mortgages [ECF No. 15 ¶¶ 42, 50], and Plaintiffs defaulted on their mortgage obligations at some point thereafter [ECF No. 15 ¶¶ 43–44, 50–51]. Defendant's practice is to send homeowners a "Notice of Default and Intent to Accelerate" (the "Default Notice") when a homeowner becomes 45 days delinquent on his or her mortgage obligations [ECF Nos. 51-1, 51-2]. The Default Notice is alleged by Plaintiffs to contain false and misleading threats, including a warning that failure to pay the amount necessary to cure the default may result in acceleration of the loan and foreclosure [ECF No. 15 ¶¶ 4, 24–25; ECF Nos. 15-1, 15-2]. The text of the Martin Default Notice, whose substance is the same across the named plaintiffs, is reproduced below as an example:

**NOTICE OF DEFAULT AND INTENT TO ACCELERATE**

Dear Mortgagor(s):

Selene Finance LP ("Selene"), the servicer of your mortgage loan, and in accordance with the Security Instrument and applicable state laws, provides you with formal notice of the following:

The mortgage loan associated with the Security Instrument is in default for failure to pay the amounts that came due on 07/01/2022 and all subsequent payments.

To cure this default, you must pay all amounts due under the terms of your Note and Security Instruments. As of 08/16/2022, your loan is due for 07/01/2022 and the total amount necessary to cure your default is [REDACTED], which consists of the following….

The total amount you must pay to cure the default stated above must be received by 09/20/2022. Failure to cure default on or before the date specified may result in

---

[1] For purposes of this Order, the allegations in Plaintiff's Second Amended Complaint (the "Complaint") [ECF No. 15] are accepted as true.

> acceleration of the sums secured by the Security Instrument, sale of property and/or foreclosure by judicial proceeding and sale of the property.

[ECF No. 15-1 (emphasis added); *see* ECF No. 15-2].

Plaintiffs allege that the consequences of acceleration and foreclosure by judicial proceeding stated in the Default Notice above are: (1) prohibited by federal law, which permits initiating foreclosure proceeding but only when a loan obligation has been delinquent for 120 days, not before that period [ECF No. 15 ¶¶ 22, 24–25; ECF No. 15 ¶ 225 (citing 12 U.S.C. § 2601 *et seq.* and 12 C.F.R. § 1024.41]; and (2) would violate Defendant's own internal policy of not accelerating a loan until it is 120 days past due [ECF No. 15 ¶¶ 22, 24–25, 88]. Because of those restrictions, Plaintiff explains, Defendant does not actually intend to accelerate the loan or initiate foreclosure proceedings until a homeowner is delinquent for 120 days—thus rendering its statements in the Notice "false" or "misleading" [ECF No. 15 ¶¶ 21, 24].

Plaintiffs filed this six-count putative class action Complaint alleging violations of the Fair Debt Collection Act ("FDCPA"), 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA") [ECF No. 15]. Counts I through III allege violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and Count IV alleges a violation of 15 U.S.C. § 1692f [ECF No. 15]. Count V is rooted in the same underlying conduct as Counts I through III except that it arises under the FCCPA.[2] And Count VI asserts a claim for Florida common law negligent misrepresentation [ECF No. 15]. Defendant seeks dismissal of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 17]. The Report mostly disagrees with that request, recommending that all counts in the Complaint be permitted to proceed except Counts VI [ECF No. 89]. The Report is ripe for adjudication [ECF Nos. 96, 100].

---

[2] Because of their factual and legal overlap, Counts I through III and V are addressed together in the Discussion below.

3

CASE NO. 23-14297-CIV-CANNON/McCabe

**LEGAL STANDARDS**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**DISCUSSION**

The Report addresses Counts I through III together and concludes that Plaintiffs have stated a plausible claim that the Default Notice contains "false," "misleading," "deceptive," and "threatening" statements under the applicable subsections of the FDCPA [ECF No. 89 pp. 6–8]. On Count IV, the Report determines that Plaintiffs plausibly allege Defendant's use of "unfair and unconscionable" debt collection practices under the FDCPA's catch-all provision [ECF No. 89 pp. 16–17]. With respect to the FCCPA claim in Count V, the Report finds that the facts alleged state a plausible claim that the Default Notice represents willful conduct related to debt collection, which Defendant could reasonably expect would "abuse or harass" homeowners [ECF No. 89 pp. 17–21]. Finally, the Report determines that Plaintiffs fail to state a claim for negligent misrepresentation in Count VI [ECF No. 89 pp. 20–21]. As noted, Defendant objects to the Report's conclusion as to Counts I–V only [ECF No. 96 n.1]. The Court addresses the objections in turn, starting with the FDCPA violations in Counts I–III and V, and then turning to Count IV.

    **A.**    **Couns I–III and V – 15 U.S.C. §§ 1692e, e(5), e(10), and Fla. Stat. § 559.72(7)**

Count I brings a claim under 15 U.S.C. § 1692e, which forbids debt collectors from using "false, deceptive, or misleading" representations to collect debt [ECF No. 15 ¶¶ 66–90]; Count II brings a claim under § 1692e(5), which forbids the use of threats which cannot legally be taken or that the debt collector does not intend to take [ECF No. 15 ¶¶ 91–116]; and Count III brings a claim under § 1692e(10), which forbids the use of any "false representation or deceptive means" to collect a debt [ECF No. 15 ¶¶ 117–141].

In reaching its determination that the Complaint states a plausible claim under these provisions of the FDCPA,[3] the Report relies on the following language contained within the Default Notice, in conjunction with the Notice's heading:

**NOTICE OF DEFAULT AND INTENT TO ACCELERATE**

. . .

Failure to cure default on or before the date specified may result in acceleration of the sums secured by the Security Instrument, sale of property and/or foreclosure by judicial proceeding and sale of the property.

[ECF No. 89 p. 6; ECF No. 15-1; ECF No. 15-2].

Defendant raises various objections to the Report, all of which essentially reiterate its arguments in support of dismissal [*see* ECF Nos. 17, 96]. According to Defendant, the above Default Notice language (1) does not constitute a threat of acceleration or foreclosure because of the conditional use of the word "may", (2) any misrepresentations in the Default Notice are not material, and (3) Defendants' compliance with the Truth in Lending Act ("TILA") shields it from FDCPA liability [ECF No. 96 pp. 9–12].

Upon review of Defendant's objections, the Court agrees with the Report that the Complaint plausibly alleges that the Default Notice violates the FDCPA. To determine whether a

---

[3] The text of the relevant subsections of the FDCPA is as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
. . .
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(5), (10).

debt collector's communication violates the FDCPA as "false," "misleading," or threatening, courts apply the "least-sophisticated consumer" standard. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94, 1200 (11th Cir. 2010). The least sophisticated consumer standard is an objective standard and is intended to protect "'all consumers, the gullible as well as the shrewd.'" *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1269 (11th Cir. 2019) (quoting *LeBlanc*, 601 F.3d at 1194); *Green v. Specialized Loan Servicing LLC*, 766 F. App'x 777, 781 (11th Cir. 2019) ("The inquiry [under the least-sophisticated consumer standard] is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct.") (internal quotation marks omitted).

Applying the least sophisticated consumer standard to the disputed language in the Notice here, the Report correctly determines that aspects of the Default Notice are plausibly "false," "misleading," or threatening within the meaning of the FDCPA. Per the Default Notice, Defendant was clear in its intentions; Defendant expressed its **INTENT TO ACCELERATE** the loan if a homeowner failed to pay the cure amount by the specified date listed in the Notice—a date earlier than 120 days of delinquency [ECF Nos. 15-1, 15-2]. As noted, federal law prohibits acceleration or the initiation of foreclosure proceedings before the loan is delinquent for 120 days, a timetable consistent with Defendants' internal policy as alleged in the Complaint [ECF No. 15 ¶ 87]. Taken together, from the perspective of the least sophisticated consumer, the attached Default Notice, combined with Plaintiffs' allegation that Defendant threatened to pursue acceleration and

7

foreclosure, state a plausible claim that Defendant violated the FDCPA by use of false, misleading, deceptive, and threatening means to collect a debt.

It is true, as Defendant emphasizes, that the Notice uses the conditional word "may" in its warning regarding acceleration or foreclosure, thus possibly softening or undercutting the existence of a threat [ECF Nos. 15-1, 15-2 ("Failure to cure default on or before the date specified *may* result in acceleration of the sums secured by the Security Instrument, sale of property and/or foreclosure by judicial proceeding and sale of the property." (emphasis added)]. But the Eleventh Circuit has acknowledged that conditional language like "if" and "may" still may constitute a threat under the FDCPA. *See LeBlanc*, 601 F.3d at 1196; *Murray v. Hunter Warfield, Inc.*, 20-cv-2385, 2021 WL 268382, at *4 (M.D. Fla. Jan. 27, 2021) (collecting cases supporting the principle that conditional language can reasonably be interpreted as an ultimatum or threat).[4]  As such, at this stage, Defendant's use of the word "may" is insufficient to eliminate the plausibly pled threat of acceleration and foreclosure.

It is also the case, as Defendant maintains, that the use of the word "may" in the Notice could be read as merely suggesting the possible initiation of foreclosure proceedings at some unspecified time in the future (i.e., after 120 days of delinquency) [*see* ECF No. 96 p. 13].  On balance, however, and unlike other possible language suggesting a less immediate implication, the Court agrees with the Report that the language in the Default Notice plausibly indicates that foreclosure or acceleration will be the immediate consequence of failing to pay the cure amount by the specified date [ECF Nos. 15-1, 15-2]. *Cf. Moore v. Seterus*, 711 F. App'x 575, 578 (11th

---

[4] Although Defendant identifies some factual distinctions between *LeBlanc* and the instant case [ECF No. 96 pp. 11–12], the Court has considered those distinctions and finds that none undermines the essential rationale that conditional language still may qualify as threatening.

Cir. 2017) (concluding that the following phrase in a default notice—"FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW"—sufficiently clarified the timing of foreclosure proceedings such that the default notice was not misleading in violation of the FDCPA).

For these reasons, upon consideration of Defendant's objections, Plaintiffs have plausibly alleged that Defendant violated the FDCPA by communicating false, misleading, deceptive, and threatening statements in the Default Notice. The same holds true at this stage with respect to Count V, which alleges that the Default Notice could reasonably be expected to "abuse or harass" homeowners under Fla. Stat. § 559.72(7) [ECF No. 96 p. 19–20]. The Court therefore accepts the Report's determination that Plaintiffs state plausible claims under the FDCPA and the FCCPA as alleged in Counts I through III and Count V.[5]

## B.    Count IV – Violation of § 1692f

The final claim to address in the Report is Count IV, which alleges a violation of the catch-all provision under 15 U.S.C. § 1692f [ECF No. 15 ¶¶ 142–165]. That statute prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Report concludes that Plaintiffs state a plausible claim under the FDCPA in Count IV and rejects Defendant's argument that Plaintiff cannot simultaneously plead claims under § 1692e and § 1692f for the same conduct [ECF No. 89 pp. 16–17]. Defendant's sole objection to the Report as to Count IV is that the Court should revisit its argument on de novo review that the law forbids

---

[5] The Court also agrees with the Report that Defendants' drafting of the Default Notice in compliance with TILA does not foreclose civil liability under the FDCPA [ECF No. 89 pp. 14–16]. Defendant provides no authority in its Objections to undermine the conclusion in the Report [ECF No. 96 p. 12]. Furthermore, nothing in the text of either the TILA or the FDCPA displaces the requirement that debt collectors comply with both statutes when sending communications in connection with the collection of a debt. *See* 15 U.S.C. § 1601 *et seq.* and 12 C.F.R. § 1026.41(d)(8)(ii); *see also* 15 U.S.C. § 1692e.

Plaintiffs from simultaneously pleading violations of § 1692e and § 1692f arising from the same conduct [ECF No. 96 p. 19 (citing *Miljkovic v. Shafritz &Dinkin, P.A.*, No. 14-CV-635, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014))].

Upon review of the Report's conclusion as to Count IV and Defendant's objection thereto, the Court is satisfied that the FDCPA and applicable Eleventh Circuit precedent do not appear to prohibit companion § 1692e and § 1692f claims based on the same conduct. *Barilla v. Seterus, Inc.,* No. 19-cv-46, 2019 WL 6525945 at *3 (M.D. Fla. Dec. 4, 2019) (citing *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1308–09 (11th Cir. 2015) and *LeBlanc*, 601 F.3d at 1200 n.31). While it is true that the Default Notice is not necessarily "unfair or unconscionable" under 15 U.S.C. § 1692f merely because it is "misleading" under 15 U.S.C. § 1692e, the Default Notice can be both "unfair or unconscionable" and "misleading" at once, so long as there are allegations to support each claim. For purposes of pleading, the Complaint contains plausible allegations to support an independent claim under § 1692f [ECF No. 89 p. 17; ECF No. 96 p. 19]. The Report is therefore accepted, and the Motion to Dismiss is denied as to Count IV.

    **D.**    **The unattached pages of the Default Notice do not alter the analysis**.

One additional issue remains for discussion: Defendant's criticism of the Report for failing to consider the second and third pages of the Default Notice, neither of which Plaintiff appended to the Complaint [ECF No. 96 pp. 8–11; ECF Nos. 96-2, 96-3]. On this issue, even assuming Defendant's objection is appropriately before this Court, the Court determines that consideration of the additional pages does not alter the conclusion that Plaintiffs have stated plausible claims under the FDCPA and FCCPA.

For starters, Defendant previously objected to Magistrate Judge McCabe's consideration of the additional pages and thus cannot be heard to complain now that they were not properly

considered. At the hearing on Defendant's Motion to Dismiss, Magistrate Judge McCabe noted his concern that the entirety of the Default Notice was not attached to the operative pleading [ECF No. 96-1 p. 4 (hearing transcript)]. In response, Plaintiffs argued that the omitted pages were irrelevant to the plausibility of their claims—ultimately agreeing, however, to supplement the record with the omitted pages [ECF No. 96-1 pp. 4–5]. Magistrate Judge McCabe then gave Defendant the opportunity to consent to his consideration of the omitted pages [ECF No. 96-1 p. 5]—but Defendant refused to permit evaluation of material outside the pleadings [ECF No. 96-1 pp. 5–6]. On this record, it can hardly be deemed error, much less clear error, for Magistrate Judge McCabe to have declined to consider material the Defendant itself did not want him to consider.

Second, even if the Court were to consider the omitted pages, the above-referenced language does not alter the "false or misleading" nature of the Default Notice at the pleading stage, because it does nothing to clarify the actual timing of foreclosure proceedings. The additional content on which Defendant relies states as follows, in pertinent part: "Selene, at is option, may require immediate payment in full of all sums . . . by judicial proceeding and sale of the property . . . or any other remedies *permitted by applicable law* . . . ." [ECF No. 96-2 p. 4 (emphasis added)]. In Defendant's view, this language clarifies that Defendant will pursue remedies only as permitted by law, and thus, the Default Notice no longer can be construed as false or misleading as to the timing of foreclosure proceedings [ECF No. 96 pp. 8–9]. The Court disagrees [*see* ECF No. 100 p. 3]. "[P]ermitted by law" modifies "judicial proceedings," "sale of property," and "other remedies," and thus refers to kinds of remedies the law permits [ECF No. 96-2 p. 4]. The above language is silent as to when those remedies may be pursued by Defendant [ECF Nos. 96-2, 96-3]. Additionally, this provision states that Defendant may, at its option, seek "*immediate* payment

11

in full" by utilizing the just-mentioned collection remedies, including foreclosure [ECF Nos. 96-2, 96-3 (emphasis added)]—thus reinforcing the earlier language in the Default Notice that "[f]ailure to cure default on or before the date specified may result in acceleration . . . or foreclosure by judicial proceeding and sale of the property" [ECF Nos. 15-1, 15-2]. For these reasons, even assuming it is proper to consider these additional pages, the Court sees no reason to depart from the conclusion in the Report that the Default Notice, as pled, contains false or misleading statements regarding the collection of a debt within the meaning of 15 U.S.C. § 1692e.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 89] is **ACCEPTED**.

2. Defendant's Motion to Dismiss [ECF No. 17] is **GRANTED IN PART**

   a. The Motion is denied as to Counts I–V of the Second Amended Complaint.

   b. The Motion is granted as to Count VI.

3. Defendant shall file an answer to Plaintiff's Second Amended Complaint [ECF No. 15] as limited by this Order on or before **November 14, 2024**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 24th day of October 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record