UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14297-CIV-CANNON/McCabe

**CLARISSA CRUZ, KATRINA MARTIN**,
and **ROBERT ALLAN MARTIN**
individually and behalf of others
similarly situated,

      Plaintiffs,
v.

**SELENE FINANCE, LP**,

      Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION TO STRIKE DEMAND FOR JURY TRIAL**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Strike Plaintiffs' Demand for Jury Trial (the "Motion") [ECF No. 39]. Following referral [ECF No. 78], Magistrate Judge Ryon M. McCabe issued a Report recommending that the Motion be granted [ECF No. 90]. Plaintiffs timely filed objections to the Report [ECF No. 97]. Defendant did not file objections but responded to Plaintiffs' objections [ECF No. 99]. The Court has reviewed the Report [ECF No. 90] and the full record. Upon review, the Report [ECF No. 90] is **ACCEPTED**, and the Motion [ECF No. 39] is **GRANTED** for the reasons stated in the Report.

**RELEVANT BACKGROUND**

This putative class action is brought by a group of residential mortgage lenders against Defendant, a mortgage loan servicer [ECF No. 15]. As narrowed by the Court's prior Order [ECF No. 111], the operative Complaint brings five Counts under the FDCPA and FCCPA and contains a jury trial demand "on all issues so triable" [ECF No. 15 p. 35]. As relevant here, Plaintiff

CASE NO. 23-14297-CIV-CANNON/McCabe

Clarissa Cruz executed a promissory note in favor of JPMorgan Chase Bank in 2007, and, in 2018, Plaintiffs Katrina Martin and Robert Allan Martin executed promissory notes in favor of Shelter Mortgage Company LLC [ECF Nos. 39-1, 39-3]. The promissory notes were secured by an encumbrance on residential properties owned by Plaintiffs (the "Mortgages") [ECF Nos. 39-1, 39-3]. Paragraph 25 of the Mortgages contain the following identical jury trial waiver provision:

> Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(the "Jury Waiver Provision") [ECF Nos. 39-1 ¶ 25, 39-3 ¶ 25]. The Mortgages further provide in Paragraph 13 that "[t]he covenants and agreements of this Security Instrument shall bind . . . and benefit successors and assigns of Lender" [ECF Nos. 39-1 ¶ 13, 39-3 ¶ 13].

The Mortgages were eventually transferred to U.S. Bank [ECF Nos. 39-2, 39-4]. U.S. Bank later engaged Defendant to service the Mortgages. In doing so, U.S. Bank executed a Limited Power of Attorney, appointing Defendant to do the following:

> [U.S. Bank] . . . hereby constitutes and appoints [Defendant] to execute and acknowledge in writing . . . all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (12) below . . . .
> . . .
> 1. Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest . . . belonging to or claimed by [U.S. Bank], and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to . . . the preparation and issuance of statements of breach, notices of default . . . foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure . . . and any and all other legal actions, in tort, contract or otherwise, necessary to enforce the terms of the Security Instrument . . . .

[ECF No. 39-5; ECF No. 71-1]. Defendant seeks to enforce the Jury Waiver Provision contained in the Mortgages against Plaintiffs and argues that the Limited Power of Attorney executed by U.S. Bank provides it standing to invoke the waiver [ECF No. 39]. The Report agrees with Defendant and concludes that Defendant's Motion should be granted [ECF No. 90].

CASE NO. 23-14297-CIV-CANNON/McCabe

**DISCUSSION**

The Report reaches the following conclusions in its determination that Defendant's Motion should be granted: (1) Plaintiffs' waiver of their right to a jury trial under the Jury Waiver Provision was knowing and voluntary; (2) Plaintiffs' claims fall within the scope of the Jury Waiver Provision; and (3) Defendant has standing to invoke the Jury Waiver Provision through U.S. Bank's Limited Power of Attorney [ECF No. 90]. Plaintiff objects to each of the conclusions reached by the Report [ECF No. 97]. Having reviewed the Report and Plaintiffs' objections, the Court agrees with the Report's and grants Defendant's Motion accordingly.

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys.*, 164 F. App'x 820, 823 (11th Cir. 2006). "In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Id.* Claims arising under the FDCPA and FCCPA are generally considered related to the underlying mortgage for purposes of a jury trial waiver. *Belin v. Litton Loan Serv'g, LP*, No. 06-cv-760, 2006 WL 2061340, at *2 (M.D. Fla. July 17, 2006); *Martorella v. Deustche Bank Nat. Trust Co.*, No. 12-80372, 2013 WL 1136444, at *3 (S.D. Fla. Mar. 18, 2013).

First, the Report rightly concluded that Plaintiffs' waiver was knowing and voluntary because the Jury Waiver Provision in Paragraph 25 of the Mortgages is clear and conspicuous [ECF No. 90 pp. 3–4]. Plaintiffs argue in their objections that the Jury Waiver provision must be set off from the other text or written in distinctive typeface for the waiver to be conspicuous enough to qualify as a knowing and voluntary waiver of the jury trial right [ECF No. 97 p. 9]. The Court agrees with the Report, however, that the Jury Waiver Provision is sufficiently conspicuous such

that the waiver was knowing and voluntary; the waiver is contained in its own section, immediately proceeds the signature line, and is not obscured by other language or contained in a footnote [ECF No. 90 p. 3 (collecting cases upholding identical waiver provisions)].

Second, the Court also concurs with the Report that Plaintiffs' claims under the FDCPA and the FCCPA fall within the scope of the Jury Waiver Provision [ECF No. 90 pp. 6–7]. Plaintiffs argue that only claims related to a breach of the Mortgages—not claims arising from debt collection activities—can fall within the scope of the Jury Waiver Provision [ECF No. 97 pp. 7–8]. The Court disagrees and finds Plaintiffs' cited authority in support of this argument distinguishable. Plaintiffs rely on cases which either (1) do not concern a motion to strike a jury trial demand or (2) arise in the TCPA or RESPA context and thus do not involve claims sufficiently related to the underlying mortgage [ECF No. 97 pp. 7–8 (citing cases)]. Unlike the claims at issue in the cases cited by Plaintiffs, Plaintiffs' claims under the FDCPA and FCCPA are closely related to the underlying mortgage and therefore fall within the scope of the jury trial waiver contained in the mortgage contract [ECF No. 90 pp. 6–7]. Here, by signing the Mortgages, Plaintiffs waived "any right to a trial by jury in any action . . . in any way related to [the Mortgages]" [ECF Nos. 39-1, 39-3]. The Court agrees with the Report's conclusion that this broad language encompasses Plaintiffs' claims under the FDCPA and FCCPA, which stem from debt collection activities for amounts due under the Mortgages themselves [ECF No. 90 pp. 6–7].

Finally, the Court agrees with the Report that Defendant has standing to invoke the Jury Waiver Provision by virtue of U.S. Bank's execution of the Limited Power of Attorney [ECF No. 90 pp. 4–6]. Plaintiffs argue that the Limited Power of Attorney does not mention, and therefore does not apply to, loan servicers [ECF No. 97 pp. 4–5]. Following review, the Court is satisfied that U.S. Bank's broad grant of authority to Defendant through the Limited Power of

Attorney to take "any and all other legal actions . . . to enforce the terms of the [Mortgages]" is enough to qualify Defendant as an "assign" under Paragraph 13 of the Mortgages, notwithstanding the fact that the Mortgages do not explicitly refer to loan servicers like Defendant. Furthermore, as the Report notes, there is an exception to the general rule that non-parties to a contract can enforce jury trial waivers when the non-party is an agent acting within the scope of its employment. *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2014 WL 537343, at *3 (S.D. Fla. Feb. 11, 2014). In sum, Plaintiff's claims arise from Defendant's debt collection activities which are indisputably within the scope of Defendant's employment as the loan servicer for U.S. Bank. Defendant may enforce the Jury Waiver Provision here.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 90] is **ACCEPTED**.

2. Defendant's Motion to Strike Plaintiff's Demand for Jury Trial [ECF No. 39] is **GRANTED** for the reasons stated in the Report.

3. This matter is set for a bench trial in accordance with the deadlines set forth in the Court's current scheduling Order, except that the parties need not file proposed jury instructions, proposed voir dire questions, or motions *in limine* [ECF No. 103].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of October 2024.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record